COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      Maxine Adams and Cecil Adams v. Rebecca Ross

Appellate case number:    01-11-00552-CV

Trial court case number:  2010-12207

Trial court:              269th District Court of Harris County

The district clerk has filed a motion requesting an extension of time to file a supplemental clerk's record, stating: "The requests submitted are extensive: The Ross Party requesting about 50 documents (some of which may be duplicated or missing should the file dates be correct); The Adams Party requesting about 500 documents per their 3 requests.  Time is needed to sort through these requests to avoid duplication."

The district clerk filed the clerk's record on January 14, 2013.  On February 4, 2013, Ross filed a letter with the Clerk of this Court, to inform this Court that Ross had filed a designation of documents to be included in the clerk's record on December 2, 2011 and that some of those documents had not been included in the clerk's record.  On February 12, 2013, we ordered the district clerk to file a supplemental clerk's record containing any missing items required by Rule of Appellate Procedure 34.5(a)(1)–(12) that may have been missing from the record and containing the documents designated by Ross prior to the filing of the record.  On April 5, 2013, Ross filed another letter with the Court, reducing the number of documents designated for inclusion in the record.  On April 10, 2013, the district clerk filed a supplemental clerk's record pursuant to Ross' designation and this Court's order.

On April 16, 2013, the Adams filed a "motion for compliance with court ordered appellate record."  In their motion, the Adams argued that the clerk's record was incomplete because (1) the district clerk had not filed a supplemental clerk's record containing documents designated by the Adams on April 4, 2013; (2) the supplemental record does not included any documents designated by the Adams "dating back to 2011"; and (3) the April 10, 2013 supplemental record did not contain the documents designated by Ross on December 2, 2011, and subsequently in this Court's February 13, 2013 order, but not included in Ross' April 5, 2013 letter reducing the number of designated items.

In response to the their motion, we ordered the Adams to furnish the Court with (1) file-stamped copies of their designations of record from which they contend that properly designated documents have been omitted from the record; (2) a list of the omitted-but-designated documents

that Cecil Adams contends are necessary for review of the sole non-frivolous appellate issue in this appeal, with a one-sentence explanation of the necessity of each document; and (3) a list of omitted-but-designated documents that are not necessary for review of the non-frivolous issue on appeal but for which the Adams are willing to make payment arrangements with the trial court clerk.

The Adams filed their response to this Court's order on May 20, 2013. The Adams attached only two file-stamped designations of documents to be included in the clerk's record to their response, one filed on August 13, 2012 and one filed on April 4, 2013. The Court **grants** the "motion for compliance with court order appellate record" to the extent stated below:

First, to the extent the Adams complain of documents designated for inclusion in the record on August 13, 2012, we have determined that the following documents were timely designated for inclusion in the record but have yet to be included. Therefore, to expedite this appeal[1], we order the district clerk to file a supplemental record containing the following documents:

(1) "Order denying Cecil Adams and Maxine Adams motion for reconsideration for new evidence on Ross' granted no-evidence motion for summary judgment and review of evidence" (document number 49308397);

(2) "Maxine Adams and Cecil Adams notice of partial appeal of final judgment" (document number 51432630);

(3) "Rebecca Ross' statement of position on (I) whether Cecil Adam's appeal is frivolous and (II) whether the clerk's and/or reporter's record are necessary to decide the issues presented by Cecil Adam's appeal" (document number 52049691);

(4) "Notice of hearing by submission" (document number 52066142);

(5) "Cecil Adams' brief in support of appeal from the final judgment" and attached exhibits 1, 16, 2, 27, 3, 32, 60, and 66 (document numbers 52085821, 52085823– 52085830);

(6) "Verification" (document number 52133285);

(7) "Rebecca Ross' first supplement to statement of position" (document number 52118967);

(8) "Cecil Adams' response to Rebecca Ross' first supplement to statement of position" (document number 52148666);

---

[1] As a result of the excessive delays to date in this appeal, we will not remand this case for the trial court to determine whether the documents that were timely requested prior to the filing date of the original clerk's record are relevant to Cecil Adams' non-frivolous issue on appeal. Instead, we order the trial court clerk to file the missing documents without advance payment of costs.

(9) "Cecil Adams motion to challenge to findings of fact" (document number 52255174); and

(10) "Order" signed May 30, 2012 (document number 52369301).

Second, to the extent the Adams complain of documents designated for inclusion in the record on April 4, 2013, we have determined that the following documents were requested but are not included in the clerk's records currently on file with the Court. We therefore order the district clerk to include the following document in the supplemental clerk's record:

(11) "Rebecca Ross no evidence motion for summary judgment regarding personal injury allegations" and exhibits 1 and 1-A to the motion (document numbers 48773853, 48773855, and 48773859);

(12) The notice of submission of the aforementioned motion (document number 48773865);

(13) "Rebecca Ross emergency motion for leave to consider no-evidence motion for summary judgment" (document number 48773861);

(14) "Maxine Adams and Cecil Adams request for leave to file 3rd amended petition" (document number 48762154);

(15) "Maxine Adams and Cecil Adams 3rd amended counter claim" (document number 48762155);

(16) "Maxine Adams and Cecil Adams (proposed) jury charge" (document number 48819853);

(17) "Maxine Adams and Cecil Adams motion in limine" and exhibits 1 and 2 thereto (document numbers 48819854, 48819856, 48819857);

(18) Exhibits 32, 60, 61, 63, 66, 67, 68, and 69, attached to the Adams' exhibit list (document numbers 48819890, 48819919, 48819921, 48819923, 48819928, 48819930, 48819931, 48819932);

(19) "Maxine Adams and Cecil Adams motion in limine for medical damages in relations to Adams Minor" (document number 49107802);

(20) "Order granting leave to file pleading signed" (document number 48918170);

(21) "Maxine Adams and Cecil Adams supplemental response to Ross' no evidence motion for summary judgment" (document number 48997703);

(22) "Maxine Adams and Cecil Adams response to Ross' objections and reply to response to Ross' no evidence motion for summary judgment" (document number 49004482);

(23) "Order signed striking pleading" (document number 49074593);

(24) "Order for interlocutory summary judgment signed" (document number 49074592);

(25) "Reporter's certification deposition of Carlos Vital, M.D. May 11, 2011" (document number 49124767);

(26) "Rebecca Ross' response to Cecil Adams and Maxine Adams' motion in limine for medical damages in relation to Adams minor" (document number 49117177);

(27) "Maxine Adams and Cecil Adams' supplemental response to Adams' motion in limine for medical damages in relation to Adams minor" (document number 49135469);

(28) "Order granting Rebecca Ross' motion in limine" (document number 49421604);

(29) "Order on Maxine Adams and Cecil Adams amended motion in limine" (document number 49421602);

(30) "Charge of the court" (document number 49502398);

(31) "Jury notes" (document number 49502397);

(32) "Jury question" (document number 49502395);

(33) "Maxine Adams and Cecil Adams motion for additional instructions" (document number 49457755); and

(34) "Jury notes" (document number 49502396).[2]

Third, to the extent Ross has designated items for inclusion in the record on April 5, 2013, we have determined that the following document was timely designated for inclusion but has yet to be included. We therefore order the district clerk to include the following document in the supplemental clerk's record:

(35) "Cecil Adams and Maxine Adams' response to Rebecca Ross' motion to exclude expert" (document number 47669038).

The clerk is ordered to file a supplemental record containing the items listed herein **within 20 days of the date of this order**. Upon the filing of the supplemental clerk's record, the appellate record in this case will be complete. *See* TEX. R. APP. P. 38.6(a). The Adams' brief will be due **20 days from the date the supplemental clerk's record is filed**. *See* TEX. R. APP. P. 2. Ross's brief will be due **20 days from the date the Adams' brief is filed**. *See id.* No extensions of the briefing deadlines will be granted absent proof of very extraordinary circumstances.

Although the parties are entitled to supplement the clerk's record with any other documents they wish to have included in the clerk's record, so long as any request is specific, and any supplemental clerk's record will become part of the appellate record in this case, **any request for supplementation filed after the supplemental clerk's record ordered herein is filed does not impact the deadlines for filing briefs**. *See* TEX. R. APP. P. 34.5(a)(13), (b)(1), (2), (4), (c)(1), (3), 38.6(a).

---

[2]   Our review shows that the other documents listed in the Adams' response are either already included in the clerk's record or are copies of this Court's own orders.

The Court cautions that because Maxine Adams is a party responsible for payment of the appellate record and because any document necessary to Cecil Adams' appeal is also necessary for her appeal, Maxine Adams may be responsible for the costs of the appellate record upon conclusion of this appeal. Nevertheless, because Cecil Adams is entitled to the record necessary to the appeal, the trial court clerk must file the record without advance payment of costs.

**Finally, we dismiss the district clerk's motion for extension of time to file a supplemental clerk's record as moot.**

It is so ORDERED.

Judge's signature: **/s/ Harvey Brown**
                   Acting individually

Date: May 28, 2013.